# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>    Plaintiff,  <br>    v.  <br>RUSSELL WILLIAMS,  <br>    Defendant. | Case No.  1:20-cr-00093-JLT-SKO-3  <br><br>ORDER REQUIRING GOVERNMENT TO SHOW CAUSE WHY BOND SHOULD NOT BE RETURNED TO SURETY  <br><br>**FOURTEEN DAY DEADLINE** |

A detention hearing as to Defendant Russell Williams was held on January 26, 2021. (ECF No. 135.)  Defendant was ordered released with conditions, including a $3,500.00 cash bond. (ECF No. 136.)  On January 28, 2021, Stephanie Oliver posted a cash bond in the amount of $3,500.00 (Receipt # CAE100047498).  (ECF No. 138.)  The Defendant was advised that the bond "will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence."  (ECF No. 137 at 2.)

On October 10, 2023, Defendant entered a guilty plea to a charged offense pursuant to a plea agreement.  (ECF Nos. 199, 214.)  On January 16, 2024, Defendant was sentenced to a custodial term of 26 months and was ordered to self-surrender.  (ECF Nos. 239, 245.)  It appears Defendant has reported to serve his sentence.[1]

---

[1] See United States v. Basher, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011) (taking judicial notice of publicly available information from the Federal Bureau of Prisons Inmate Locator).

1

1   Given Defendant has reported to serve his sentence, the Court shall order the Government
2   to show cause in writing withing **fourteen (14) days** of entry of this order why the $3,500.00
3   appearance bond should not be released to the surety.  If the Government does not respond to this
4   show cause order in writing, that lack of response will be construed as a non-opposition to an
5   order by the Court directing the Clerk of Court to return the bond to the address of the surety on
6   file.

IT IS SO ORDERED.

Dated:   **June 24, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2